Judge Buckner,
delivered the opinion of the court.
This was an action of slander, instituted by the plaintiff against the defendant in error, for having charged him with the commission of perjury in giving testimony on the trial of a warrant, before a justice’ of the peace, in which Skidmore was plaintiff and Osburn was defendant.
It is tlie constitutional province of a jury to weigh the evidence and decide the facts.
A slight preponderance of evidence agiiiust the verdict, or a suspicion by the court that justice has not. been done, is insufficient to authorize the granting of a new trial In a proper case, the appellate court will reverso the judgment Of the interior court for refusal to grant a :iow trial.
4hnroc, for plaintiff; Hoggin, for defendant.
The cause was tried upon'an issue,formed upon tfie plea of justification, and a verdict returned for the de.iendant. A motion by the plaintiff for a new trial was overruled, and a judgment entered in pursuance of tbe verdict. To reverse it, this writ of error is prosecuted. . ■ ,
Tbe errors assigned, question the correctness of various opinions advanced by the circuit court during, the-progress of the trial,in giving instructions; in refusing-to give others moved for; and by overruling the motion for a new trial. We deem it unnecessary to notice any of them, except that which relates to ihe motion for a new trial.
We are aware of the extreme caution with which even the circuit court, before which the trial, takes place, should venture to set aside a verdict, if ,it can he supported by the testimony, according to any reasonable consfruciion of which it is susceptible. It is the constitutional province of a jury, to weigh the - evidence and decide the facts. That there may be a. suspicion entertained by tbe court, that justice has not been attained, of that there may he a slightpreponderance of evidence against, the verdict, will not he sufficient to authorize ihe granting of a new trial. But cases do sometimes occur, in which verdicts are so pah pably contrary to the conclusions to which a reasonable view of the testimony w-ould leed, and against which the weight of the evidence so strongly preponder-'" ales, that ¡1: is pot only proper for the circuit court to interpose by granting a new trial, but for the appeb Jate court to reverse the decision of the court below,, where it has refused to grant it. That the present furnishes such an example, we are clearty satisfied.The plaintiff supported before the jury a fair and unblemished character, and we are not of opinion that the evidence of the defendant, if uncontradicted by any on the part of his adversary, was sufficient to induce the jury to stamp it wiih infamy, although it may have been proper to consider it in mitigation of damages. Bu: the opposing testimony should have silenced all. doubt, if there were any.
The judgment of the circuit court must he reversed, . ind tiie cause remanded to that court for a new trial.